# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:15-CR-00094-FDW

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| **ICE TEE HUDSON,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Reduce Sentence (Doc. No. 71). For the reasons set forth below, Defendant's Motion is **DENIED**. Defendant is not eligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines because the amendment does not change the Guidelines Range the Court considered when imposing his amended sentence. (Doc. Nos. 54, 55.)

On November 7, 2023, Defendant filed a motion for a sentence reduction based on Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 65.) On December 15, 2023, the Court denied Defendant's motion because the application of Amendment 821 does not change Defendant's Guidelines Range. (Doc. No. 67.) Defendant's renewed motion claims he is eligible for relief because he scored thirteen (13) criminal history points, which included two "Status Points," for a criminal history category of VI, and Amendment 821 Part A would reduce his score to twelve (12) points for a criminal history category of V. (Doc. No. 71.) Defendant attaches to his motion a portion of what appear to be his Bureau of Prisons records, which do reflect that he scored thirteen (13) criminal history points. (Doc. No. 71-1.)

Defendant's argument is premised on a misunderstanding of his resentencing proceedings. When the Court imposed Defendant's amended sentence of 108 months imprisonment, it

1

Case 3:15-cr-00094-FDW   Document 73   Filed 02/29/24   Page 1 of 2

considered a recalculated Guidelines Range based on a total offense level of seventeen (17) and a criminal history category of V. (Doc. No. 55, p. 1.) At resentencing, Defendant scored eleven (11) criminal history points, not thirteen (13), because one of his prior offenses is no longer considered a crime of violence in light of <u>Johnson v. United States</u>, 576 U.S. 591 (2015). (Doc. No. 50, p. 2.) Amendment 821 Part A reduces that score again, from eleven (11) points to ten (10) points, both of which yield a criminal history category of V—the same criminal history category the Court considered when it imposed Defendant's amended sentence. For this reason, Amendment 821 has no effect on Defendant's Guidelines Range and he is not eligible for a sentence reduction. The Court's Order denying Defendant's first motion (Doc. No. 67) stands.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce Sentence (Doc. No. 71), is **DENIED**.

**IT IS SO ORDERED.**

Signed: February 28, 2024

Frank D. Whitney
United States District Judge